**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRUCE FREEMAN,

          Appellant,

          v.

UNITED STATES POSTAL SERVICE,

          Agency.

DOCKET NUMBER
DA-3443-16-0392-I-1

DATE: October 19, 2022

**THIS FINAL ORDER IS NONPRECEDENTIAL[1]**

Bruce Freeman, Austin, Texas, pro se.

Paul C. Wolf, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant from his Mail Processing Clerk position for unacceptable conduct–failure to report for duty. Initial Appeal File (IAF), Tabs 2-3, Tab 6 at 10. The appellant filed an appeal alleging that he was not afforded due process and was deprived of the opportunity to work prior to the issuance of the notice of removal. IAF, Tab 2 at 6. The appellant further alleged that these actions were taken in retaliation for his prior protected union and equal employment opportunity activity. *Id.*

¶3 On June 16, 2016, the administrative judge issued an acknowledgment order notifying the appellant of the requirements to establish Board jurisdiction over his appeal and ordering the appellant to file evidence and argument establishing jurisdiction. IAF, Tab 4 at 2. The agency filed a motion to dismiss in which it argued that the Board lacked jurisdiction over the appeal because the appellant was not a preference eligible, a supervisor or manager, or an employee engaged in personnel work; and that the appellant neither argued nor established a restoration claim. IAF, Tab 6 at 5-7. The appellant did not respond to the administrative judge's order or to the agency's motion to dismiss. IAF, Tab 7, Initial Decision

(ID) at 2. Subsequently, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. ID. The administrative judge found that the appellant was not a preference-eligible individual and was not a supervisor or management employee or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and thus the Board lacked jurisdiction over the appeal. ID at 2. The administrative judge further found that, because the Board lacked jurisdiction over the appeal, she was without authority to address the appellant's retaliation and possible whistleblower reprisal claims. *Id.*

¶4 The appellant has filed a petition for review in which he argues that he did not receive an acknowledgment order or any other information regarding his appeal and therefore he was unable to provide information as to why the Board has jurisdiction over his appeal. Petition for Review (PFR) File, Tab 1. The appellant asserts that he did not learn his case was closed until he called the Board's Dallas Regional Office. *Id.* He does not attach any supplemental information regarding jurisdiction to his petition for review. *Id.* The agency has filed a response opposing the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A U.S. Postal Service employee may file a Board appeal under 5 U.S.C. chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B)(ii). 5 U.S.C. § 7511(b)(8). Thus, to appeal an adverse action under chapter 75, a Postal Service employee must meet the following criteria: (1) he must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) he must have

completed 1 year of current continuous service in the same or similar positions. *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).

¶6    On review, the appellant asserts the Board has jurisdiction over his appeal but does not provide any evidence or argument in support of this claim. PFR File, Tab 1. As the administrative judge properly found, the appellant does not meet the criteria that he, as a Postal Service employee, must meet for the Board to have jurisdiction over the appeal. The administrative judge properly reviewed the evidence set forth in the record and found that the appellant was not a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a nonconfidential clerical capacity. ID at 1-2.

¶7    The appellant's argument that he did not receive an acknowledgment order or other information regarding his appeal, and consequently did not have the opportunity to prove jurisdiction, is also unavailing. When a certificate of service indicates that a document was mailed to the appellant's address of record, it is presumed that it was duly delivered to, and received by, the appellant. *Deville v. Government Printing Office*, 93 M.S.P.R. 187, ¶ 11 (2002); *Santos v. U.S. Postal Service*, 77 M.S.P.R. 573, 577 (1998). The certificate of service appended to the administrative judge's acknowledgment order indicates it was mailed to the appellant's address of record. *Compare* IAF, Tab 4 at 17, *with* IAF, Tab 2 at 2. Similarly, the agency's motion to dismiss and the administrative judge's initial decision indicate they were mailed to the appellant's address of record. *Compare* IAF, Tab 6 at 13, Tab 8, *with* IAF, Tab 2 at 2. The appellant has not argued that the address on each of the referenced certificates of service was not his address of record or that there is another reason he did not receive his mail. The appellant's allegation that he did not know about the acknowledgment order is insufficient to rebut the presumption that the order and subsequent motion to dismiss and initial decision were delivered to and received by the appellant. *Deville*, 93 M.S.P.R. 187, ¶ 11.

¶8        Finally, the administrative judge properly found that the Board lacks jurisdiction over the appellant's retaliation claims.  Although Postal Service employees may raise retaliation as an affirmative defense, the Board is without jurisdiction to hear such claims in the absence of an otherwise appealable action. *See Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 13 (2010) (finding that allegations of discrimination and retaliation did not confer jurisdiction in the absence of an otherwise appealable action); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (determining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  Furthermore, Postal Service employees may not file an individual right of action appeal because the Postal Service is not a covered agency under the Whistleblower Protection Act.  5 U.S.C. § 2302(a)(2)(C); *Matthews v. U.S. Postal Service*, 93 M.S.P.R. 109, ¶ 13 (2002); *Mack v. U.S. Postal Service*, 48 M.S.P.R. 617, 621 (1991); *see Banks v. Merit Systems Protection Board*, 854 F.3d 1360, 1362-63 (Fed. Cir. 2017) (finding that the U.S. Postal Service is not an Executive agency for the purposes of Title 5).  In the absence of an appealable action, we find that the administrative judge properly dismissed the appeal in its entirety.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.