# United States Court of Appeals for the Federal Circuit

---

**PHYLLIS E. BANKS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1242

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-16-0381-I-1.

---

Decided: April 18, 2017

---

PHYLLIS E. BANKS, Inglewood, CA, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before PROST, *Chief Judge,* NEWMAN, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

Phyllis E. Banks petitions for review of a decision by the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. We affirm.

BACKGROUND

Banks was hired by the Department of Veterans Affairs ("VA") on July 26, 2015, as a Medical Support Assistant. Her appointment was in the excepted service and was subject to a one-year probationary period. On March 2, 2016, within the one-year period, the VA notified Banks that the agency planned to terminate her due to performance issues. Rather than wait for the agency to terminate her, Banks chose to resign her position, effective March 15, 2016.

Banks appealed to the Board, asserting that her resignation was involuntary and therefore constituted a constructive removal. *See, e.g., Cruz v. Dep't of Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (en banc). In an initial decision dismissing Banks's appeal for lack of jurisdiction, the administrative judge ("AJ") found that Banks was not preference eligible and that the record contained no evidence of prior federal service. Given these facts and that Banks was still within her probationary period at the time of her alleged removal, the AJ concluded that Banks was not an "employee" under 5 U.S.C. § 7511(a)(1) with the right to appeal adverse actions to the Board. The Board therefore lacked jurisdiction. The AJ further noted Banks's allegations of a hostile work environment and retaliation, but concluded that these claims did not provide the Board with jurisdiction under 5 U.S.C. § 7702(a) in the absence of non-frivolous allegations of an agency action independently appealable to the Board. *See Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1335 (Fed. Cir. 2006) (en banc). Banks petitioned the Board for review.

The Board upheld the AJ's dismissal of Banks's appeal for lack of jurisdiction. In doing so, the Board addressed evidence not considered by the AJ indicating that, prior to being hired by the VA, Banks had been currently and continuously employed by the U.S. Postal Service for approximately three years as a Mail Handler. The Board concluded that this prior federal service did not give Banks a right to appeal because the Postal Service is not an "Executive agency" under 5 U.S.C. § 7511(a)(1)(C)(ii). The Board issued a final order dismissing Banks's appeal for lack of jurisdiction.

Banks petitioned for review of the Board's final order. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's jurisdictional determinations *de novo* and its factual findings for substantial evidence. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). "The Board's statutory interpretations are reviewed for correctness as a matter of law." *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993).

The Board's jurisdiction is limited and extends only to actions "appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a). As relevant here, 5 U.S.C. § 7513(d) permits an "employee" to appeal certain adverse actions to the Board, including involuntary resignations that are deemed constructive removals. *See, e.g.*, *Cruz*, 934 F.2d at 1244. For the purpose of § 7513(d), however, the term "employee" is defined—in relevant part—as "an individual in the excepted service (other than a preference eligible)" who is either "not serving a probationary or trial period," 5 U.S.C. § 7511(a)(1)(C)(i), or "has completed 2 years of current continuous service . . . in an Executive agency," *id.* § 7511(a)(1)(C)(ii). An individual may qualify as an "employee" under either § 7511(a)(1)(C)(i) or (ii). *See, e.g.*, *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1151 (Fed. Cir. 1999).

Because Banks was still serving her one-year probationary period with the VA when she resigned, her only claim to the status of an "employee" turns on whether her three years with the Postal Service qualify as "current continuous service . . . in an Executive agency" under § 7511(a)(1)(C)(ii).[1] In this regard, 5 U.S.C. § 105 provides that "[f]or the purpose of [Title 5], 'Executive agency' means an Executive department, a Government corporation, and an independent establishment." The Postal Service is not an "Executive department" or a "Government corporation" as defined in relevant part under 5 U.S.C. §§ 101 and 103. Instead the Postal Service is an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201; *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 746 (2004) ("Congress, however, declined to create the Postal Service as a Government corporation, opting instead for an independent establishment.").

Despite 39 U.S.C. § 201, 5 U.S.C. § 104 provides that the Postal Service is *not* an "independent establishment"—and therefore not an "Executive agency"—for the purpose of Title 5. Section 104 states that "[f]or the pur-

---

[1] The Office of Personnel Management has exercised its authority under 5 U.S.C. § 7514 to promulgate regulations implementing § 7511. Under these regulations, "current continuous employment" is defined as "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday." 5 C.F.R. § 752.402. We have held that this regulation governs the interpretation of the term "current continuous service" under § 7511, *see Wilder v. Merit Systems Protection Board*, 675 F.3d 1319, 1322–23 (Fed. Cir. 2012), and there is no contention that Banks's employment with the Postal Service does not qualify as "current continuous service" under the statute.

pose of this title, 'independent establishment' means . . . an establishment in the executive branch (*other than the United States Postal Service . . .* )." (emphasis added).

Both the designation of the Postal Service as an "independent establishment" in § 201 and the parenthetical exclusion of the Postal Service as an "independent establishment" in § 104 were enacted by Congress in the Postal Reorganization Act ("PRA"). *See* Pub. L. No. 91-375 § 2, 84 Stat. 719, 720 (1970); *id.* § 6(c)(2), 84 Stat. at 775. In the PRA, Congress sought to recast "the operation of the [P]ostal [S]ervice in 'a business-like way,'" *i.e.*, "to make the delivery of the mail a self-supporting enterprise." *Standard Oil Div., Am. Oil Co. v. Starks*, 528 F.2d 201, 202 (7th Cir. 1975). In addition to insulating the Postal Service "from the political arena," the PRA furthered this goal by broadly exempting the Postal Service from federal laws "dealing with the public or [f]ederal contracts, property, works, officers, employees, budgets or funds," subject to certain enumerated exceptions. *Id.* (quoting 39 U.S.C. § 410(a)); *see also, e.g.*, *Beneficial Fin. Co. of N.Y. v. Dallas*, 571 F.2d 125, 128 (2d Cir. 1978).

The legislative history of the PRA makes clear that civil service provisions governing personnel at other federal agencies would not apply wholesale to employees of the reorganized Postal Service. *See* S. Rep. No. 91-912, at 5–7 (1970) ("Senate Report") ("Employees who have competitive status under the Civil Service Act of 1883 shall automatically achieve career tenure under the postal career system, but thereafter the provisions of title 5 . . . shall not apply to officers and employees of the Postal Service."). In keeping with this goal, the PRA as amended omits the provisions governing adverse-action appeals to the Board from the listing of Title 5 provisions that remain applicable to the Postal Service. *See* 39 U.S.C. § 410(b)(1). This omission accords with, *inter alia*, 39 U.S.C. § 1005(a)(1)(A), which makes the adverse-action provisions applicable only to the extent that they are

consistent with collective-bargaining agreements that the Postal Service may make with its employees. *See id.* (referring to "the provisions of chapter 75 of title 5"); *see also* Senate Report at 5–7 (recommending the "enactment" of collective bargaining agreements).

The exclusion of the Postal Service as an "independent establishment" in § 104 is consistent with the statutory framework of the PRA that makes Title 5 applicable to the Postal Service only in piecemeal fashion. Relying in part on § 104's exclusion, we have held that preference-eligible Postal Service employees may not seek attorneys' fees under the fee-shifting provision of the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii). *See Erickson v. U.S. Postal Serv.*, 759 F.3d 1341, 1347 (Fed. Cir. 2014). In *Erickson*, we held that the Back Pay Act does not apply to the Postal Service "by its own terms . . . because the Postal Service is not an 'executive agency,' the term . . . used to define the scope of the [Back Pay] Act's coverage." *Id.* We reasoned that although § 105 defines an "executive agency" as encompassing independent establishments, that term "is further defined to mean 'an establishment in the executive branch (other than the United States Postal Service . . . ).'" *Id.* at 1348 (quoting 5 U.S.C. § 104). We therefore concluded that "[t]he Postal Service is . . . not an 'executive agency' within the meaning of title 5 in general and the Back Pay Act in particular." *Id.*

We see no reason to depart from our conclusion in *Erickson*, which held that the provisions of § 104 displace, for the purpose of Title 5, the general characterization of the Postal Service as an "independent establishment" set forth in § 201. *Id.*; *see also, e.g.*, *RadLAX Gateway Hotel, LLC v. Amalgamated Bank,* 132 S. Ct. 2065, 2070–71 (2012). Accordingly, the Postal Service does not fall into any of the categories that define an "Executive agency" under Title 5, which renders Banks's service as a Mail Handler not "service . . . in an Executive agency" under § 7511(a)(1)(C)(ii). As a consequence, Banks does not

qualify as an "employee" with a right to appeal adverse actions to the Board. *See Van Wersh*, 197 F.3d at 1151.

There being no action appealable to the Board under § 7701, the remaining issues raised in Banks's appeal—her claims of retaliation and a hostile work environment—lie outside the Board's jurisdiction. *See Garcia*, 437 F.3d at 1335. The Board's final order dismissing Banks's appeal for lack of jurisdiction is

**AFFIRMED**

COSTS

No costs.