**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BARBARA E. BALL, | DOCKET NUMBER |
| Appellant, | CH-3443-19-0077-I-1 |
| v. | |
| SOCIAL SECURITY | DATE: January 17, 2024 |
| ADMINISTRATION, | |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Barbara E. Ball, Whiting, Indiana, pro se.

Deepa Rajkarne, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is a non-preference eligible GS-11 Claims Specialist for the agency. Initial Appeal File (IAF), Tab 1 at 3. On November 8, 2018, she filed this Board appeal, indicating that she was challenging a suitability determination and a "harassment investigation," stating that she was dissatisfied with the agency's investigation into her harassment allegations. *Id.* at 4-16. The appellant subsequently requested a hearing. IAF, Tab 5 at 2.

The administrative judge issued an acknowledgment order, informing the appellant that the Board might lack jurisdiction over her appeal and notifying her of the Board's jurisdiction under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), the Veterans Employment Opportunities Act of 1998, and the Whistleblower Protection Act as amended. IAF, Tab 2. The appellant responded, asserting that her appeal concerned an employment practice connected with a nonselection for promotion, a suitability action, a decision concerning her benefits, discrimination based on sex, national origin, and disability, whistleblower retaliation, and "involuntary time off in July of 2018." IAF, Tab 10 at 5-7. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 12.

After the record on jurisdiction closed, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 16, Initial Decision (ID). He found that the agency's conduct of the harassment investigation did not constitute an "adverse action" within the meaning of 5 U.S.C. § 7512, that there was no indication that the appellant had been subjected to a suitability action, and that there was no indication that the appellant's nonselection for promotion was the result of an employment practice administered by the Office of Personnel Management (OPM). ID at 3-5. The administrative judge further found that the appellant's allegations of discrimination under Title VII and the Americans with Disabilities Act were insufficient to confer jurisdiction on the Board, and that absent an otherwise appealable action, the Board lacked jurisdiction over the appellant's whistleblower claim because she had not exhausted her administrative remedies with the Office of Special Counsel (OSC). ID at 5-6.

The appellant has filed a petition for review, disputing the administrative judge's jurisdictional analysis, particularly with regard to her claims of hostile work environment, involuntary leave, and retaliation. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 5-7.

## ANALYSIS

We agree with the administrative judge's analysis of those claims that he addressed. Regarding the appellant's allegations concerning an employment practice, we agree with the administrative judge that the appellant has not shown that this appeal involves an "employment practice" under 5 C.F.R. § 300.103 that OPM is involved in administering. ID at 4; *see generally Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008) (setting forth the jurisdictional standard for an employment practices appeal). We also agree with

the administrative judge that the appellant has not shown that she has been subjected to a "suitability action" under 5 C.F.R. § 731.203(a). ID at 4-5. We further agree that the Board lacks jurisdiction over the appellant's claims of discrimination absent an otherwise appealable action. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). The appellant has not challenged these findings on petition for review, and we find no reason to disturb them.

On petition for review, the appellant challenges the administrative judge's finding that the Board lacks jurisdiction over her whistleblower retaliation claim. PFR File, Tab 1 at 1, Tab 7 at 3-4. However, as the administrative judge correctly found, the appellant's whistleblower allegations are insufficient to confer Board jurisdiction over her appeal because she has not exhausted her administrative remedies with OSC. ID at 5-6; IAF, Tab 1 at 5; *see Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016); *Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 21 (2014) (dismissing the appellant's whistleblower claim for lack of jurisdiction because she failed to exhaust her administrative remedies with OSC). The appellant also asserts a hostile work environment claim and reasserts her claim of retaliation for reporting harassment. PFR File, Tab 1 at 3-4. However, outside the context of USERRA and IRA appeals, the Board lacks jurisdiction over retaliation and hostile work environment claims absent an otherwise appealable action. *Banks v. Merit Systems Protection Board*, 854 F.3d 1360, 1363-64 (Fed. Cir. 2017).

Nevertheless, the appellant is correct that the administrative judge failed to address her claim that she took "involuntary time off in July of 2018 due to harassment occurring in her workplace."[2] IAF, Tab 10 at 5; PFR File, Tab 1 at 3. This is a constructive suspension claim and may be within the Board's chapter 75

---

[2] On petition for review, the appellant identifies July 2017 as the relevant time period for her constructive suspension claim. PFR File, Tab 1 at 1-3. The appellant will have the opportunity to resolve this discrepancy on remand.

jurisdiction. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013) (finding that the Board has jurisdiction over an employee's absence as a constructive suspension claim if he lacked a meaningful choice in the matter due to the agency's wrongful actions). If an appellant makes a nonfrivolous allegation that she lacked a meaningful choice in taking leave, that it was the agency's wrongful actions that deprived her of that choice, and that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, she is entitled to a jurisdictional hearing. *See Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016); *Bean*, 120 M.S.P.R. 397, ¶ 8. We agree with the agency that the appellant's vague and conclusory allegations below and on review do not constitute specific allegations of fact that, if proven, would show that the agency constructively suspended her for more than 14 days. IAF, Tab 10 at 5; PFR File, Tab 1 at 3, Tab 5 at 9-10, Tab 7 at 2-4; *see Collins v. Defense Logistics Agency*, 55 M.S.P.R. 185, 190 (1992), *modified on other grounds by Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325 (1994); *Dodson v. U.S. Postal Service*, 67 M.S.P.R. 84, 87 (1995). However, before an administrative judge may dismiss an appeal for lack of jurisdiction without a hearing, he must provide the appellant with explicit notice of how to establish Board jurisdiction over her appeal. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). In this case, we find that the appellant's claim of "involuntary time off" was sufficiently specific that the administrative judge should have notified her of how to prove jurisdiction over a constructive suspension appeal, including when an appellant alleges that her absence was the result of intolerable working conditions. *See Allen v. U.S. Postal Service*, 73 M.S.P.R. 73, 76 (1997); *see also Bean*, 120 M.S.P.R. 397, ¶ 8 (setting forth the jurisdictional standard for constructive suspension appeals in general); *Peoples v. Department of the Navy*, 83 M.S.P.R. 216, ¶¶ 5-9 (1999) (setting forth the jurisdictional standard for constructive suspension appeals based on

intolerable working conditions).  Because the appellant did not receive any such notice, we remand this appeal for further adjudication.[3]  *See id.* at 77.

There would appear to be a question as to the timeliness of this appeal.  To the extent that the appellant is claiming a constructive suspension sometime in July 2017 or July 2018, her November 8, 2018 Board appeal would be untimely under 5 U.S.C. § 1201.22(b)(1).  However, it would also appear that the issues of timeliness and jurisdiction are intertwined.  *See Edge v. U.S. Postal Service*, 113 M.S.P.R. 692, ¶¶ 9-12 (2010).  The administrative judge should address the timeliness issue in light of the Board's guidance in *Edge* and similar cases.

We also observe that the appellant filed a petition for review of the initial decision with the Equal Employment Opportunity Commission (EEOC) before she filed her petition for review with the Board.  PFR File, Tab 6.  Because the administrative judge dismissed the Board appeal for lack of jurisdiction, the EEOC remanded the case to the agency to consider the appellant's discrimination claims in the first instance.  PFR File, Tab 6 at 1-2; *see* 29 C.F.R. § 1614.302(b). However, the appellant's petition to the EEOC was premature because the initial decision had not yet become final at the time she filed it.  *See* 5 U.S.C. § 7702(a)(1), (b)(1); 5 C.F.R. § 1201.157; 29 C.F.R. § 1614.303(a), (c). Indeed, the EEOC petition is still not ripe because the appellant's timely petition for review with the Board prevented the initial decision from becoming final, and the appeal is now being remanded to the administrative judge for further adjudication.  *See* 5 C.F.R. § 1201.113(a)-(c).  In sum, the appellant elected to raise her discrimination claims with the Board in the context of a

---

[3] An administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order or the initial decision puts the appellant on notice of what she must do to establish jurisdiction, thus affording her the opportunity to meet her jurisdictional burden on review.  *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).   In this case, neither the agency's filings nor the initial decision were adequate to apprise the appellant of her jurisdictional burden in a constructive suspension appeal.  *See Brown v. Department of Defense*, 109 M.S.P.R. 493, ¶ 16 (2008).

constructive suspension appeal rather than bring an equal employment opportunity complaint under 29 C.F.R. § 1614.106. *See* 5 C.F.R.§ 1201.154(a); 29 C.F.R. § 1614.302(b). The Board is still in the process of determining whether it has jurisdiction over the appellant's discrimination claims in the context of a mixed-case constructive suspension appeal, and neither the appellant's premature petition to the EEOC nor any equal employment opportunity proceedings that the agency may conduct pursuant to the EEOC's remand order will have any effect on that determination.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order. The administrative judge shall notify the appellant of her jurisdictional burden in a constructive suspension appeal and afford her a full and fair opportunity to prove jurisdiction, including holding a jurisdictional hearing if warranted. If the administrative judge finds it necessary to reach the timeliness issue, he shall have the discretion to address the issue as he sees fit, consistent with the Board's case law.[4]

*Jennifer Everling*

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.

---

[4] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.