# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN A. ALLEN, | DOCKET NUMBER |
| Appellant, | AT-0752-22-0152-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: July 11, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jesse Kelly, Esquire, Atlanta, Georgia, for the appellant.

Roderick D. Eves, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal for failure to follow instructions. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED concerning the administrative judge's application of the Whistleblower Protection Act (WPA), as amended, to the appellant's affirmative defenses, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a City Carrier with the U.S. Postal Service. Initial Appeal File (IAF), Tab 1 at 1, Tab 7 at 19. On July 6, 2021, his supervisor proposed his removal based on the charge of failure to follow instructions. IAF, Tab 7 at 27-30. The deciding official issued a Letter of Decision on November 15, 2021, agreeing with the proposed removal. *Id.* at 20-23.

The appellant filed a Board appeal challenging the agency's charge and raising affirmative defenses of a violation of due process and retaliation for activity such as filing grievances. IAF, Tab 1 at 1, Tab 19 at 4-8, Tab 25 at 2-3. Following a hearing, IAF, Tab 27, Hearing Recording (HR), the administrative judge issued an initial decision sustaining the removal action, IAF, Tab 29, Initial Decision (ID) at 15. Specifically, the administrative judge found that the agency proved its charge of failure to follow instructions, established a nexus between the misconduct and the efficiency of the service, and showed that the penalty of removal was reasonable. ID at 3-8, 13-15. He found that the appellant failed to

prove his affirmative defenses of a due process violation or a prohibited personnel practice as described in 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D). ID at 8-12. The administrative judge further found that the appellant belatedly raised harmful procedural error for the first time during the hearing and, in any event, failed to prove this claim. ID at 12-13.

The appellant has filed a petition for review, and the agency has responded in opposition to the petition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant argues that the administrative judge erred in finding that the agency proved its charge of failure to follow instructions, which involved the appellant's repeated refusal to deliver mail to a particular residential address. PFR File, Tab 1 at 5-7; IAF, Tab 7 at 27-30; ID at 3-8. More specifically, the appellant challenges the administrative judge's factual finding that the appellant was not placed in a clearly dangerous situation that justified his disobedience as alleged. PFR File, Tab 1 at 5-7; ID at 3-8. We give due deference to the administrative judge's credibility determination and assessment of the appellant's testimony at the hearing. ID at 7-8; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find no error in his finding that the agency proved its charge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

The appellant also reraises the following affirmative defenses: (1) a due process violation based on the deciding official's alleged reliance on ex parte information that the appellant was "terminated multiple times" in his *Douglas*[2] factors analysis; and (2) retaliation for an alleged protected disclosure of an attempted assault by a resident at the address and for filing equal employment

_____

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

opportunity (EEO) complaints.  PFR File, Tab 1 at 7-11.  He argues that the administrative judge erred in finding that he failed to prove these defenses.  *Id.*

The administrative judge correctly found no due process violation.

We find no material error in the administrative judge's finding of fact that the deciding official understood the reference to multiple terminations in the decision letter to be a typographical error and thus did not receive or consider ex parte information concerning terminations in reaching his decision.  ID at 8-9.  We do not find a sufficiently sound reason for overturning the administrative judge's conclusion that the deciding official's testimony was both credible and persuasive on the issue.  *See Haebe*, 288 F.3d at 1301.  The appellant was on notice of all the prior discipline that the deciding official actually considered in reaching his decision.  Thus, we affirm the administrative judge's finding of no due process violation.

We affirm, as modified, the administrative judge's conclusion that the appellant failed to prove his other affirmative defenses.

We modify the administrative judge's analysis of the appellant's retaliation defenses because he applied the incorrect legal framework as explained herein. ID at 10-12.

*Retaliation for disclosures to the agency of an attempted assault by a customer on his mail route*

On review, the appellant argues that he made a protected "whistleblowing" disclosure when he reported to the agency that he was attacked by a customer in the course of his duties on March 22, 2021.  PFR File, Tab 1 at 10-11 (citing IAF, Tab 7 at 39).  The administrative judge applied the incorrect standard of proof to this claim.  ID at 10-11.  The "contributing factor" standard of proof set forth in 5 U.S.C. § 1221(e)(1) is inapplicable to the analysis of reprisal claims by Postal Service employees, who are not employees of an "agency" covered under the WPA, as amended.  *Matthews v. U.S. Postal Service*, 93 M.S.P.R. 109, ¶ 13 (2002); *Mack v. U.S. Postal Service*, 48 M.S.P.R. 617, 621 (1991); *see* 5 U.S.C.

§ 2302(a)(2)(C); *Banks v. Merit Systems Protection Board*, 854 F.3d 1360, 1362-63 (Fed. Cir. 2017) (finding that the U.S. Postal Service is not an Executive agency for the purposes of Title 5). We therefore vacate the administrative judge's analysis and apply the higher standard of proof set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986), to the appellant's claims of retaliation under 5 U.S.C. § 2302(b)(8)(A)(i) or 2302(b)(9)(A)(i). *See Mack*, 48 M.S.P.R. at 621-22. In order to prove reprisal under the *Warren* standard, the appellant has the burden of showing the following: (1) a protected disclosure was made; (2) the accused official knew of the disclosure; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *Warren*, 804 F.2d at 656–58; *Mack*, 48 M.S.P.R. at 621-22.[3]

We are unpersuaded by the appellant's apparent argument that his disclosure of a crime by a non-Government actor, i.e., the attempted assault by a resident to whom he was delivering mail, constituted a protected disclosure under 5 U.S.C. § 2302(b)(8)(A)(i) and 5 U.S.C. § 2302(b)(9)(A)(i), as these sections were intended to protect disclosures of Government wrongdoing. PFR File, Tab 1 at 11; IAF, Tab 7 at 39-40; *see Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 16 (stating that a disclosure of wrongdoing committed by a non-Federal Government entity may be protected only when the Government's interests and good name are implicated in the alleged wrongdoing); *Arauz v. Department of Justice*, 89 M.S.P.R. 529, ¶¶ 6-7 (2001). Thus, the appellant has not met his burden of proof regarding his affirmative defense of a prohibited personnel practice under 5 U.S.C. § 2302(b)(8)(A)(i) or 2302(b)(9)(A)(i). *See Warren*, 804 F.2d at 656-68.

---

[3] The administrative judge cited the correct standard of proof in the prehearing order. IAF, Tab 25 at 2.

*Reprisal for protected grievance activity*

The administrative judge applied erroneously the standards set forth in 5 U.S.C. § 1221(a) to the present case by limiting consideration to claims of reprisal for protected activity under section 2302(b)(9)(A)(i), i.e., complaints involved in remedying a violation of section 2302(b)(8). ID at 11, 13 n.5. As the Board has independent jurisdiction over the appellant's removal action, the appellant may bring an affirmative defense of reprisal for activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii), i.e., complaints other than with regard to remedying a violation of section 2302(b)(8). *See* 5 U.S.C. § 7701(c)(2)(B); 5 C.F.R. § 1201.3(a)(1); *see also Mack*, 48 M.S.P.R. at 621-22 (explaining that an "employee" under 5 U.S.C. 7511(a)(1)(B), like the appellant, has the right to raise the affirmative defenses set forth in 5 U.S.C. § 7701, including an allegation of a prohibited personnel practice under section 2302(b)). Thus, we consider his filing of a grievance protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), and we consider his affirmative defense of reprisal for his grievance activity under the *Warren* standard. *See Warren*, 804 F.2d at 656–58.

We conclude that the appellant did not prove reprisal for grievance activity. The only grievance specifically identified by the appellant in his prehearing submission was his grievance filed on July 26, 2021, in response to his notice of proposed removal.[4, 5] IAF, Tab 6 at 5, Tab 19 at 6, Tab 23 at 6. Thus, we presume that the official accused of reprisal is the deciding official on the current removal action. The deciding official appeared to have minimal knowledge of the grievance: the appellant referenced "numerous grievances" in his written reply to the deciding official; however, he did not question the deciding official regarding

---

[4] The grievance was remanded because a decision letter had not yet been issued. IAF, Tab 6 at 5. It appears that the grievance has been deactivated due to the appellant's Board appeal. IAF, Tab 6 at 3, Tab 7 at 29; HR (testimony of the appellant).

[5] To the extent that the appellant has referred to his April 6, 2021 statement describing the interaction with the postal customer as a "grievance," we find that it is not an "appeal, complaint, or grievance" covered by 5 U.S.C. § 2302(b)(9)(A)-(B); we have, however, considered whether it might be a disclosure under 5 U.S.C. § 2302(b)(8).

his knowledge of his grievance(s) or any retaliatory motive at the hearing. IAF, Tab 7 at 26; HR (testimony of the deciding official). The deciding official testified that he was supplied only with the decision packet, which did not contain any documentation related to the appellant's grievance, and that he had never heard of the appellant and did not know anything about him prior to being asked via email to serve as the deciding official. HR (testimony of the deciding official). Overall, the appellant presented very little circumstantial or direct evidence in support of his claim, and we find that he failed to show a genuine nexus between the alleged retaliation and his removal.[6] *See Warren*, 804 F.2d at 656-58.

*Retaliation for protected EEO activity*

On review, the appellant mentions again his claim of EEO retaliation. PFR File, Tab 1 at 11. An appellant may bring an affirmative defense of retaliation for EEO activity as a prohibited personnel practice under 5 U.S.C. § 2302(b)(1) or (b)(9)(A)(ii). *See Mata v. Department of the Army*, 114 M.S.P.R. 6, ¶ 9 n.3 (2010).

In his prehearing submission, the appellant listed "protected activity," including in December 2020, "when he opposed discrimination in the form of harassment from [his supervisor] . . . after [his supervisor] order[ed] him off the clock he was able to get that decision reversed by upper management." IAF, Tab 23 at 5-6. At the hearing, the appellant testified that he filed at least two EEO complaints about his supervisor, who was the proposing official for his removal, based on retaliation. HR (testimony of the appellant). Upon further questioning by the administrative judge, the appellant testified that his supervisor

---

[6] The administrative judge did not continue the hearing for the testimony of a union representative, whom he had previously approved to testify regarding the appellant's grievance(s) but who was on extended sick leave and could not be reached for the hearing, finding that the testimony would not be relevant, material, or nonrepetitious. ID at 13 n.5; *see* 5 C.F.R. § 1201.41(b)(10). The appellant has not challenged this ruling on review, and we find no abuse of discretion on the part of the administrative judge.

would "get petty" and retaliate against him by charging him with disobeying instructions when she felt slighted by him or when he would bring up procedures or quote regulations she was violating. *Id.* He testified that he filed his first EEO complaint in late early 2018 or early 2019 but provided no specifics about the complaint or outcome. *Id.* He testified that, in June 2021, he filed another EEO complaint about an absent without leave (AWOL) charge by his supervisor that was related to the current matter. *Id.* Furthermore, he testified that his supervisor, who later proposed his removal, participated in the mediation of his June 2021 EEO complaint, which resulted in the dismissal of the AWOL charge and compensation to the appellant. *Id.* He testified that he could not recall if the EEO activities occurred before or after his proposed removal. *Id.* Along with his alleged grievances, the appellant also referenced his "EEO complaints" in his written reply to the deciding official prior to his removal. IAF, Tab 7 at 26.

Accepting the appellant's unrefuted testimony that he filed EEO complaints, and, assuming his EEO complaints involved complaints of activity prohibited by Title VII, we apply the standard and methods of proof for an affirmative defense of Title VII EEO retaliation as set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-24, 29.[7] Specifically, an appellant may prove such a defense by showing that his protected activity was at least a motivating factor, i.e., played any part, in the agency's action or decision. *Id.*, ¶ 21. The appellant may meet this burden by submitting any combination of direct or indirect evidence, including evidence of pretext, comparator evidence, and evidence of suspicious timing or other actions or statements that, taken alone or together, could raise an inference of retaliation. *Id.*, ¶ 24. Here, the appellant did not question the proposing official or the deciding official at the hearing regarding EEO retaliation or present any persuasive evidence, direct or

---

[7] We find that the appellant was not prejudiced by receiving notice of a different standard of proof with respect to his affirmative defenses, as the appellant did not present sufficient evidence in support of his claim under any standard. IAF, Tab 25 at 2.

circumstantial, of retaliation. We find that the appellant failed to prove his affirmative defenses.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    _____
                  Gina K. Grippando
                  Clerk of the Board

Washington, D.C.