NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YOLANDA ACUNA,**
*Petitioner*

**v.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
*Respondent*

---

2024-2114

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-15-0230-X-1.

---

Decided: March 4, 2025

---

YOLANDA ACUNA, South Gate, CA, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

---

Before PROST, TARANTO, and STARK, *Circuit Judges.*

PER CURIAM.

Trevor McCardle, a former employee of the Equal Employment Opportunity Commission (EEOC), passed away on August 4, 2019.  In January 2023, the Merit Systems Protection Board (Board) determined that he was entitled to back pay for a period in 2014–15 and ordered the EEOC to make the appropriate payment.  Three months later, Yolanda Acuna—who was married to Mr. McCardle at the time of his death and had been substituted for him in the Board proceeding—petitioned the Board to enforce its January 2023 decision by directing the EEOC to disburse the payment required by that decision.  The Board's assigned administrative judge found that the EEOC had not made the required payment, *McCardle v. Equal Employment Opportunity Commission*, No. SF-0752-15-0230-C-1, 2023 WL 3686899 (May 24, 2023) (*2023 Decision*); S. Appx. 14–24,[1] and the EEOC then made the payment—though it directed the payment not to Ms. Acuna, but to Mr. McCardle's former wife, who remained his designated beneficiary.

Ms. Acuna appealed to the full Board, which found the agency now to be in compliance and dismissed the petition for enforcement.  *McCardle v. Equal Employment Opportunity Commission*, No. SF-0752-15-0230-X-1, 2024 WL 2152118, at \*2–3 (M.S.P.B. May 13, 2024) (*2024 Decision*); S. Appx. 1–13.  Ms. Acuna appeals to this court.  We affirm.

I

A

Trevor McCardle was employed as a Paralegal Specialist by the EEOC's Office of General Counsel.  *2023*

---

[1]   "S. Appx." refers to the Supplemental Appendix submitted by the Respondent.  For the *2023 Decision*, we cite the page numbers on the administrative judge's opinion in the Supplemental Appendix.  *See* S. Appx. 14–24.

*Decision*, at 3; S. Appx. 56–57. In December 2010, he signed a Standard Form 1152 (SF-1152), titled "Designation of Beneficiary – *Unpaid Compensation of Deceased Civilian Employee*." S. Appx. 58. The form records Mr. McCardle as designating his then-wife, Monica McCardle (now Monica Gaya), as "the beneficiary . . . to receive any unpaid compensation due and payable after [his] death." S. Appx. 58 (emphasis omitted); *see also 2024 Decision*, at *1 (noting surname change).

In December 2014, Mr. McCardle was suspended indefinitely by the agency (for reasons not at issue here). S. Appx. 56–57. Upon Mr. McCardle's appeal to the Board, S. Appx. 42, an administrative judge issued an initial decision in December 2015, ordering the agency to cancel his suspension, retroactively restore him to his position, and provide the appropriate amount of back pay. *McCardle v. Equal Employment Opportunity Commission*, No. SF-0752-15-0230-I-1, 2015 WL 8971924 (Dec. 8, 2015); *see 2023 Decision*, at 2, 4. Both the EEOC and Mr. McCardle sought review by the full Board. S. Appx. 45. In August 2019, with the matter pending, Mr. McCardle passed away. *2023 Decision*, at 5.

In January 2023, when the Board regained a quorum after several years without one, the full Board affirmed the administrative judge's initial decision (with some modifications), ordering the EEOC to provide the above-described relief as well as the appropriate amount of interest and/or other benefits due within 60 calendar days. *McCardle v. Equal Employment Opportunity Commission*, No. SF-0752-15-0230-I-1, 2023 WL 119412, at *1, *11 (M.S.P.B. Jan. 6, 2023); *see 2024 Decision*, at *1; *2023 Decision*, at 7. The Board also permitted Yolanda Acuna, Mr. McCardle's wife at the time of his death, to be substituted for him as the appellant. *McCardle*, 2023 WL 119412, at *1 n.1; *see 2024 Decision*, at *1; *2023 Decision*, at 6–7.

## B

Ms. Acuna filled out a form to claim the required back pay in February 2023; and Ms. Gaya did the same in May 2023. S. Appx. 49–50; S. Appx. 51–52.

In April 2023, before Ms. Gaya filed for the back pay, Ms. Acuna, having yet to receive any payment, filed a petition for enforcement with the Board. *2023 Decision*, at 8. On May 24, 2023, the administrative judge issued an initial decision on the petition, finding that the EEOC "ha[d] failed to meet its burden of proving it has complied with the Board's final order to pay the appellant . . . for the indefinite suspension period at issue." *Id.* at 11. Based on that finding, the administrative judge granted the petition, ordering the EEOC to issue the payment. *Id.*

On June 6, 2023, the EEOC submitted a statement of compliance to the administrative judge stating that it had paid the money to Ms. Gaya, the beneficiary designated on Mr. McCardle's SF-1152. S. Appx. 48; S. Appx. 53–55; *see 2024 Decision*, at *2. The EEOC said it was doing so pursuant to 5 U.S.C. § 5582(b) (stating that the first preferred recipient for "money due an employee at the time of his death" is "the beneficiary or beneficiaries designated by the employee in a writing received in the employing agency before his death") and 5 C.F.R. § 178.204 (similar). *2024 Decision*, at *2. The matter was then automatically referred to the full Board for a final decision. *See id.* Ms. Acuna argued to the Board that back pay was governed by 5 U.S.C. § 5596, not § 5582, and that the SF-1152 form did not cover back pay, whereas the EEOC urged that § 5582 applied and that the SF-1152 was in full force and effect and covered back pay. *Id.*

On May 13, 2024, the full Board issued a final order finding that the agency had met its burden to show compliance with the enforcement order and dismissing the petition for enforcement. *Id.* at *3. The Board noted that "[n]either party has contested the agency's calculations or

its evidence that the resulting payment was issued." *Id.* The Board then concluded that Ms. Gaya was the appropriate recipient under 5 U.S.C. § 5582(b) and 5 C.F.R. § 178.204. *Id.*

Ms. Acuna timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## II

We may set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "We review the Board's determinations of law for correctness without deference to the Board's decision." *Harrington v. Department of Veterans Affairs*, 981 F.3d 1356, 1358 (Fed. Cir. 2020) (citation omitted). Statutory interpretation is reviewed for correctness as a matter of law. *Banks v. Merit Systems Protection Board*, 854 F.3d 1360, 1361 (Fed. Cir. 2017). We exercise our "independent judgment" about the correctness of an agency's statutory interpretation. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024).

On appeal, Ms. Acuna argues that the Board erroneously applied 5 U.S.C. §§ 5581 and 5582 to determine that Ms. Gaya was the appropriate recipient of the back-pay payment. Acuna Informal Br. at 2–4. Ms. Acuna contends that § 5582 is inapplicable because the back pay did not become due until January 6, 2023, the day of the full Board's decision, and thus was not "money due an employee at the time of his death." *Id.* at 5. Ms. Acuna points out that § 5581, which defines "money due" and provides examples, does not include back pay as an example. *Id.* at

4–5. Ms. Acuna argues that the payment should have been made to her pursuant to 5 U.S.C. § 5596.[2] *Id.* at 2, 5.

Section 5582(b) states that, "[i]n order to facilitate the settlement of the accounts of deceased employees, money due an employee at the time of his death shall be paid to the person or persons surviving at the date of death, in the following order of precedence . . .":

> First, to the beneficiary or beneficiaries designated by the employee in a writing received in the employing agency before his death.

5 U.S.C. § 5582(b); *see also* 5 C.F.R. § 178.204 (similar); *id.* § 178.203 (regulating designation of beneficiary). Ms. Acuna does not challenge the Board's finding that Ms. Gaya is the sole beneficiary designated in writing. *See* Acuna Informal Br. at 2–5; *2024 Decision*, at *3; S. Appx. 58 (Mr. McCardle's SF-1152).

The remaining question is whether "money due an employee at the time of his death," 5 U.S.C. § 5582, encompasses the type of payment at issue here. We conclude that it does.

"Money due" is defined by § 5581 in relevant part as "the pay and allowances due *on account of the services* of a deceased employee for the Government of the United States." 5 U.S.C. § 5581(2) (emphasis added); *see also* 5 C.F.R. § 178.202(b) (similar). Section 5596, *i.e.*, the Back Pay Act, in turn states that when a qualifying employee is found to have been affected by an unjustified personnel action resulting in a loss of pay, the individual is entitled to receive back pay for the period of the personnel action "*and . . . for all purposes*, is deemed to have *performed service for*

---

[2]    Ms. Acuna refers to § 8596, but we understand her to mean § 5596 based on the prior proceedings. *See, e.g.*, *2024 Decision*, at *2.

*the agency during that period . . . .*"   5  U.S.C.
§ 5596(b)(1)(B) (emphasis added).  Deeming the individual
to have performed the service during the period for all pur-
poses means deeming the individual to have been due the
pay during the same period.  Thus, the statutory language
naturally means that back pay—"pay . . . due on account of
the services of a deceased employee," *i.e.*, "money due,"
§ 5581(2)—was due at the time of the service that would
have been performed but for the unjustified personnel ac-
tion.  *Accord Bario v. Department of Justice*, 8 M.S.P.B.
513, 515–16 (1981).  This straightforward analysis makes
clear that § 5596 is not an exception to § 5582, but instead
confirms § 5582's coverage of back pay through the defini-
tion of § 5582's term, "money due," as defined in § 5581.

### III

We have considered Ms. Acuna's remaining arguments
and find them unavailing.  We affirm the Board's decision.

The parties shall bear their own costs.

**AFFIRMED**